In re: "AGENT ORANGE" PRODUCTS LIABILITY LITIGATION

Marie Hansen, et al. v. Dow Chemical Co., et al., S.D. Mississippi, C.A. No. 1:07–1188.

MDL No. 381.

United States Judicial Panel on Multidistrict Litigation.

June 5, 2008.

---

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiffs in this Southern District of Mississippi action (*Hansen*) move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our order conditionally transferring the action to the Eastern District of New York for inclusion in MDL No. 381. All but two of the named defendants have responded in opposition to the motion.[1]

After reviewing the argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of this action to the Eastern District of New York for inclusion in MDL No. 381 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims pertaining to alleged exposure to the herbicide known as "Agent Orange." *See In re "Agent Orange" Products Liability Litigation*, MDL No. 381 (J.P.M.L. May 8, 1979) (unpublished order).

Plaintiffs argue against transfer, *inter alia,* that their action does not share questions of fact with the actions previously transferred to MDL No. 381 because the site of exposure, method of exposure, and chemicals involved in *Hansen* are different from those at issue in MDL No. 381. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. We have consistently found that claims based on exposure to Agent Orange provided the requisite questions of fact regardless of where or how the exposure occurred; indeed, we have previously transferred to MDL No. 381 actions involving claims similar to those in *Hansen,* which allege exposure caused by leakage at a storage site. Inclusion of this action in MDL No. 381 also has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that; (1) prevents repetition of previously considered matters; and (2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation,* 314 F.Supp.2d 1373, 1375 (J.P.M.L.2004). The transferee judge has been presiding over

---

\* Judge Motz took no part in the decision of this matter.

1.   C.D.U. Holding, Inc.; Chemical Land Holdings, Inc.; Dow Chemical Co.; Harcros Chemicals, Inc.; Hercules, Inc.; Maxus Energy Corp.; Monsanto Co.; Occidental Chemical Corp.; Occidental Petroleum Corp.; Pharmacia Corp.; Solutia, Inc.; T.H. Agriculture & Nutrition Co., Inc.; Thompson Hayward Chemical Co.; Tierra Solutions, Inc.; Ultramar Diamond Shamrock Corp.; Uniroyal Chemical Co., Inc.; and Uniroyal, Inc., oppose the motion. The United States of America and Solutia, Inc., did not respond to the motion.

MDL No. 381 since 1983 and is thus thoroughly familiar with the litigation; we are convinced that assignment of this action to him will conserve judicial resources and facilitate the just and efficient resolution of this action in a manner consistent with the myriad Agent Orange claims that have been resolved in his court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.